UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

DAVID YOUNG-WOLFF,  :
                   :
          Plaintiff,  :
                   :
        v.  :     Case No. 12-cv-5230 (JPO)
                   :
JOHN WILEY & SONS, INC.,  :     ECF CASE
                   :
         Defendant.  :
                   :

------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, TO STRIKE

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Defendant John Wiley & Sons, Inc.*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................2

FACTUAL ALLEGATIONS ...............................................................................3

ARGUMENT........................................................................................................5

    I.    PLAINTIFF HAS FAILED TO STATE A COPYRIGHT
          INFRINGEMENT CLAIM ........................................................................5

          A.    The Complaint Fails to State a Cognizable Copyright Claim ........5

    II.    PLAINTIFF'S FRAUD AND FRAUDULENT CONCEALMENT
          CLAIMS MUST BE DISMISSED...............................................................8

          A.    Plaintiff Fails to Plead with Particularity as Required Under
               Rule 9(b). ...............................................................................8

          B.    Plaintiff Has Failed to Allege Facts to Support His Fraud
               and Fraudulent Concealment Claims................................................12

          C.    Plaintiff's Fraud Claim is Pre-Empted by the Copyright Act
               and/or is Duplicative of Plaintiff's Breach of Contract
               Claim ....................................................................................14

    III.    PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE
          DISMISSED FOR FAILURE TO COMPLY WITH FRCP 8(a)(2) .........16

    IV.    PLAINTIFF'S EXTRANEOUS ALLEGATIONS SHOULD BE
          STRICKEN.................................................................................18

CONCLUSION ..................................................................................................20

Defendant John Wiley & Sons, Inc. ("Wiley") submits this Memorandum, pursuant to FRCP 8(a), 12(b)(6) and 9(b), in support of its Motion to Dismiss the Complaint of Plaintiff David Young-Wolff ("Young-Wolff" or "Plaintiff"), or, in the alternative, pursuant to FRCP 12(f) to strike certain immaterial and/or impertinent allegations from the Complaint.

## INTRODUCTION

As the Court is aware, this case is one of several that Plaintiff's counsel has brought against Wiley and various book publishers for the alleged infringement of copyrights in stock photographs. In this case, Plaintiff also asserts claims for fraud, fraudulent concealment, breach of contract, and "infringing exportation" in violation of section 602 of the Copyright Act, 17 U.S.C. § 602. The Complaint falls far short of sufficiently alleging the required elements of these claims under Rules 8(a), 12(b)(6), and 9(b), and therefore the Complaint must be dismissed.

Wiley moves for dismissal of the Complaint on the following grounds:

*First*, Plaintiff's Complaint fails to identify which precise images are the subject of its copyright infringement claim. While paragraphs 11-47 of the Complaint identify certain images and titles as the subject of Plaintiff's copyright infringement claim, Exhibit 1 to the Complaint identifies different and additional image numbers and titles. The inconsistencies among these images and titles create ambiguity as to which precise images are the subject of the copyright claim. Plaintiff's blanket allegations of infringement are also deficient because they fail to specify by what act and when each image was allegedly infringed. Moreover, because Plaintiff's claim for purported "infringing exportation under 17 U.S.C. § 602" is merely derivate of Plaintiff's copyright infringement claim, it fails for the same reasons and must be dismissed.

*Second*, Plaintiff's fraud and fraudulent concealment claims are deficient in several material respects. Plaintiff has failed to allege the requisite elements of fraud (the who, what,

when, where and why) with the required specificity, asserting instead generalized and conclusory allegations. In addition, Plaintiff has wholly neglected to allege that he reasonably relied to his detriment on any representation or omission – an essential element of both his claim for fraud and his claim for fraudulent concealment. Even more essential, Plaintiff has alleged no cognizable harm apart from the harm he claims arises from Wiley's alleged copyright infringement or breach of contract.

*Third,* Plaintiff's breach of contract claim is defective on its face. Plaintiff purports to bring a claim for breach of contract arising from Wiley's alleged breach of "hundreds" of licensing agreements, the material terms of which are nowhere to be found in the Complaint. Plaintiff has not alleged facts from which this Court may infer that he is entitled to relief on his breach of contract claim, and thus the Court should dismiss it.

## FACTUAL ALLEGATIONS

Except where specifically noted, the following Statement of Facts is based upon the allegations in the Complaint ("Compl.").

Plaintiff is a professional photographer who makes his living taking and licensing stock photographs (i.e., photographs of common places, people or events). Compl. ¶ 7. Wiley is a publisher of textbooks, professional and trade books, and scholarly journals. *Id.* ¶ 8. Plaintiff alleges that Wiley exploited his copyrighted photographs in various publications "without permission and/or in excess of any licenses that it may have obtained. *Id.* ¶ 9. The Complaint includes allegations concerning a number of different photographs (the "Subject Photos") that allegedly were used by Wiley in a variety of different publications. *Id.* ¶¶ 11-48, Exhs. 1 & 2.

Paragraph 49 of the Complaint includes a laundry list of how Plaintiff's copyrights in his photographs may have been infringed, including: publication without permission; reuse without a valid license prior to publication; publication prior to obtaining a proper license; exceeding

license limitations by printing more copies than authorized; exceeding license limitations by publishing in electronic, ancillary or derivative publications without authorization; exceeding license limitation by publishing in foreign editions without authorization; exceeding license restrictions by distributing outside the authorized territory; and refusing to provide usage information to Plaintiff. *Id.* ¶ 49. Notably, Plaintiff makes no effort to explain which of the allegedly infringing activities apply to which photograph.

Plaintiff alleges that the conduct at issue in this case is part of a "broader pattern and practice of using third-party content without permission and in excess of license limitations." *Id.* ¶ 76. In support of this allegation, Plaintiff lists a number of lawsuits brought against Wiley alleging copyright infringement. *Id.* ¶ 77. Several of these claims were brought by the same law firm, Nelson & McCulloch, that is representing Plaintiff in this case. Declaration of Ashima Aggarwal, dated September 27, 2012 ("Aggarwal Decl.") ¶ 4. Plaintiff claims, without providing any factual basis, that "[e]vidence submitted to the courts in these actions demonstrates that Defendant Wiley has engaged in a systematic pattern of fraud and copyright infringement," Compl. ¶ 78, and then goes on to assert that Wiley has settled many of these actions and/or admitted to copyright infringement in numerous actions, *id.* ¶ 79, and been found liable for infringements or admitted to infringements that provide no basis for the claims in this case. *Id.* ¶¶ 80-84. Plaintiff also references other litigations involving Wiley (but not Plaintiff), asserting that evidence in certain cases "involve publications at issue here" but makes no specific allegations as to invoices or licenses for Plaintiff's particular images that appear in the publications. *Id.* ¶¶ 83-85.

Plaintiff also alleges that Wiley has engaged in a "cleanup campaign," and has contacted photographers whose images were used without permission or in excess of permission and further alleges that in the course of those efforts Wiley's agents "have contacted Plaintiff's

licensing agents in an effort to surreptitiously obtain *ex post facto* licenses to conceal known infringements." *Id.* ¶ 91.

For the reasons set forth below, Plaintiff's claims for Copyright Infringement, Fraud, Fraudulent Concealment, Breach of Contract and Infringing Exportation all must be dismissed.

**ARGUMENT**

## I. PLAINTIFF HAS FAILED TO STATE A COPYRIGHT INFRINGEMENT CLAIM

FRCP 12(b)(6) mandates dismissal of a cause of action if it does not "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory averments are insufficient to meet this pleading threshold; rather, a complaint must be buttressed by specific factual allegations, which if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). Moreover, "'conclusory allegations or legal conclusions masquerading as factual conclusions' will not withstand dismissal." *Jacobs v. Carnival Corp.*, No. 06 Civ. 0606 (DAB), 2009 WL 856637 at *3 (S.D.N.Y. Mar. 25, 2009) (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)). In the absence of specific factual allegations, pleadings, such as Plaintiff's Complaint, which contain "no more than conclusions [] are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 (plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" in order to survive a motion to dismiss).

### A. The Complaint Fails to State a Cognizable Copyright Claim

Courts in this District have held that in copyright infringement cases, given "the principle enshrined in Rule 8 – namely, to provide defendants fair notice against them – a plaintiff ... may not rest on bare-bones allegations that infringement occurred." *Jacobs*, 2009 WL 856637 at *4

(citing *Sharp v. Patterson,* 2004 WL 2480426, *12 (S.D.N.Y. 2004)). Rather, "Rule 8 requires

that the particular infringing acts be set out with some specificity." *Id.* (quoting *Kelly v. L.L.*

*Cool J.,* 145 F.R.D. 32, 36, n.3 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir.), *cert. denied,* 513

U.S. 950 (1994) (internal citations omitted)). To meet the pleading requirements under Rule 8 in

a copyright infringement case, the complaint must allege: "(1) which specific original works are

the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that

the copyrights have been registered in accordance with the statute, and (4) by what acts and

during what time the defendant infringed the copyright." *Kelly,* 145 F.R.D. at 36; *Cole v. John*

*Wiley & Sons, Inc.*, No. 11 Civ. 2090 (DF), 2012 WL 3133520, at *11 (Aug. 1, 2012).

Here, while the Complaint alleges registration numbers and provides a list of titles in

which the images appear, inconsistencies among the lists of images identified in the pleading

(Compl. ¶¶ 11-47) and Exhibits 1 and 2 to the Complaint raise ambiguity as to "which specific

original works are the subject of the copyright claim." *Jacobs,* 2009 WL 856637 at *4. The

Complaint and Exhibit 2 identify 17 images potentially at issue, while Exhibit 1 lists 278

separate images "requested by Wiley."[1] Because Plaintiff has failed to make clear which precise

images are the subject of his copyright infringement claim, the Complaint should be dismissed.

Plaintiff also fails to identify the alleged acts of infringement that apply to each identified

image. The Complaint contains a single paragraph in which Plaintiff bullet points eight "various

ways" in which Wiley allegedly infringed Plaintiff's copyrights, but it fails to tie any one of the

---

[1] To the extent that Plaintiff alleges copyright infringement of any of the 278 images listed on
Exhibit 1 that relate to licenses granted to corporate entities other than John Wiley & Sons, Inc.,
including separate foreign entities, such claims should be dismissed under Fed. R. Civ. P.
12(b)(1) and 12(b)(6) because Plaintiff has failed to allege a basis for liability of the named
defendant, a U.S. corporate entity, for alleged harms caused by a distinct foreign entity. *See*
Aggarwal Decl. ¶ 3.

allegations to a particular image. Compl. ¶ 49. A properly pled copyright infringement claim must set out with specific facts "by what acts and during what time the defendant infringed the copyright." *Jacobs,* 2009 WL 856637 at *4 (dismissing copyright infringement claim for failure to identify specific acts and time of infringement); *Sun Micro Med. Tech. Corp. v. Passport Health Comm., Inc.*, No. 06 Civ. 2083 (RWS), 2006 WL 3500702, at *12 (S.D.N.Y. Dec. 4, 2006) (same); *Plunket v. Doyle,* No. 99 Civ. 11006 (KMW), 2001 WL 175252, *5 (S.D.N.Y. Feb.22, 2001) (same). Without additional information as to how or when Wiley allegedly infringed each of Plaintiff's copyrights, Wiley is left without basic information as to the events and circumstances specific to each identified image, and thus insufficient notice of the claims to prepare a defense.

Plaintiff also purports to state a separate claim against Wiley for "infringing exportation" under Section 602 of the Copyright Act, 17 U.S.C. § 602. For the same reasons set forth above, the allegations of the complaint with respect to copyright infringement are insufficient to state a claim under this section. Furthermore, the restrictions on the unauthorized import or export of copies in Section 602 are simply additional examples of conduct that is an infringement of the copyholders rights under section 106 of the Copyright Act, 17 U.S.C. § 106. They do not create a separate cause of action. *See Omega S.A. v. Costco S.A. v. Costco Wholesale Corp.*, 541 F.3d 982, 985 (9th Cir. 2008) (noting that "infringing importation under § 602(a) is merely a subcategory of 'infringement of the exclusive right to distribute copies . . . under section 106'"). Finally, the exportation restrictions were not added to the Copyright Act until October 13, 2008, *see* Pub. L. 94-533, 90 Stat. 2589, thus any exports prior to that date would not be actionable.

## II. PLAINTIFF'S FRAUD AND FRAUDULENT CONCEALMENT CLAIMS MUST BE DISMISSED

Plaintiff's fraud and fraudulent concealment claims must be dismissed pursuant to Federal Rule of Civil Procedure 9(b) because Plaintiff fails to plead these claims with the requisite particularity. The Complaint also fails to allege certain requisite elements of such claims, and is therefore subject to FRCP 12(b)(6) dismissal.

### A. Plaintiff Fails to Plead with Particularity as Required Under Rule 9(b).

Plaintiff's fraud claims must be dismissed because the key allegations fail to satisfy the particularity requirement of Rule 9(b). *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). "[I]n order to comply with Rule 9(b), 'the complaint [alleging fraud] must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). A plaintiff's failure to adhere to this standard is fatal to a fraud claim. *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (dismissing fraud claim where the complaint does not "state with particularity the specific facts in support of [plaintiffs'] belief that [defendants'] statements were false when made"); *Jurgensen v. Felix Storch, Inc.*, No. 12 Civ. 1201 (KBF), 2012 WL 2354247, at *7 (S.D.N.Y. 2012) (dismissing fraud claim for failure to satisfy Rule 9(b) where "[t]here is simply nothing alleged about the where, when, and why of [defendant's] *knowingly* and *intentionally*" making the alleged misstatement).

Plaintiff's vague allegations of fraud and fraudulent concealment leave Wiley guessing as to the specific statement at issue, where and when the statement was made, by whom, and why the statement was fraudulent. In connection with his fraud claim, Plaintiff asserts, "upon information and belief," that Wiley:

- "misrepresented material facts to Plaintiff's licensing agents," including "falsely representing that publication had not already occurred, [sic]that Wiley's intended use of Plaintiff's photographs would be limited to requested print run numbers and would not include any foreign editions or sales," Compl. ¶ 101; and

- "misrepresented material facts to Plaintiff's licensing agents, including . . . misrepresenting the past publication and future publication plans for Plaintiff's photographs," id. ¶ 102.

First, Plaintiff's reliance on "information and belief" to specify the fraudulent statements purportedly made to *him* and to *his licensing agents* is wholly insufficient. *See* Compl. ¶ 101-104. Courts regularly dismiss fraud claims alleged "upon information and belief" under Rule 9(b) unless the information is within the peculiar knowledge and control of the defendant. *See, e.g., Alzheimer's Foundation of America, Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 472 (S.D.N.Y. 2011) (dismissing fraud claim and noting "allegations of fraud generally cannot be based upon plaintiff's information and belief"); *see also Arthur Properties, S.A. v. ABA Gallery, Inc.*, No. 11 Civ. 4409 (LAP), 2012 WL 2886685, at *2 (S.D.N.Y. July 16, 2012) (noting that exception to general rule that fraud may not be alleged upon information and belief arises only when alleged facts are "peculiarly within the opposing party's knowledge") (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)).

Clearly statements made directly to Plaintiff's agent are not within the unique knowledge of defendant, and thus Plaintiff's fraud claims are fatally deficient on this ground alone. *See Wood v. Applied Research Assoc.*, 328 Fed. Appx. 744, 747 n.1 (2d Cir. July 16, 2009) (affirming dismissal of claim under False Claims Act where, among other things, plaintiff's fraud allegations were made upon information and belief and facts were not peculiarly within defendants' knowledge); *Eaves v. Designs for Finance, Inc.*, 785 F. Supp. 2d 229, 249 (S.D.N.Y. 2011) ("Plaintiffs allege that [Defendant] made misrepresentations *to Plaintiffs*, and, as such, the date, place and contents of the statements are not facts peculiarly within [Defendant's]

FKKS: 467127.v7

21476.400

knowledge"); *Skylon Corp. v. Guilford Mills, Inc.*, No. 93 Civ. 5581 (LAP), 1997 WL 88894, at *2 (S.D.N.Y. Mar. 3, 1997) ("Because plaintiff alleges misrepresentations made to [plaintiff] . . . the date, place and content of the statement are not facts peculiarly within the knowledge of the defendants, but facts shared by both parties.").

But even more problematic is that none of Plaintiff's "licensing agents" are identified, and none of the individuals who purportedly made the misrepresentations to his licensing agents are identified either. This, too, is insufficient under Rule 9(b). *See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 199 (S.D.N.Y. 2011) (dismissing fraud claim where "generalized allegations fail[ed] to identify the speakers whose statements might expose [defendant] to liability"). Moreover, Plaintiff fails to identify *when* and *where* these purported misrepresentations were made. *See Skylon Corp.*, 1997 WL 88894, at *2 (dismissing fraud claim where plaintiff failed to identify "the statement and when and where such statement was made"). Thus, Plaintiff fails to provide even basic information in support of its fraud claim.

In fact, although Plaintiff purports to identify numerous fraudulent statements, in reality, he has identified no specific statement at all. Instead, he generally describes in broad terms categories of representations that he claims were made in connection with each of the "hundreds of license agreements between his licensing agents" and Wiley. Compl. ¶ 124. This plainly falls short of Rule 9(b)'s particularity requirement. *See Ellington*, 837 F. Supp. 2d at 199 (stating that averments of fraud lacked requisite specificity where "the alleged misrepresentations are 'identified in vague and general terms,' concerning only the general topics as to which they were related"); *Bean v. Wiley & Sons, Inc.*, No. Civ. 11-8028-PCT-FJM, 2011 WL 3348959, at * 2 (D. Ariz. Aug. 3, 2011) (finding that plaintiff's generalized allegations of fraud were insufficient under 9(b) and that fraud claim was sufficiently stated only as to photographs where plaintiff

10

provided "solicitation letters" showing the time, place and content of the alleged misrepresentation, as well as the identities of the parties to the representation). Here, Plaintiff's fraudulent concealment claim includes even less detail, stating that Wiley "fraudulently conceal[ed] crucial facts." Compl. ¶ 116. Such categorical statements fail to identify precisely what the omissions were and who was the person responsible for the failure to disclose.[2]

In short, Plaintiff's fraud allegations constitute a paradigmatic example of an insufficiently pled fraud claim and should be dismissed. *See, e.g., Cole v. Wiley & Sons, et al.,* No. 11 Civ. 2090 (DF), 2012 WL 3133520, at *16 (S.D.N.Y. Aug. 1, 2012) (dismissing fraud claim where plaintiff relied on the "lone allegation" that a Wiley employee made unspecified fraudulent statements and failed to allege where the purportedly fraudulent statement was made, or why such statement was fraudulent); *see also Lerner,* 459 F.3d at 290 (stating that, to comply with Rule 9(b), complaint must allege where and when fraudulent statement was made); *Eaves,* 785 F. Supp. 2d at 248 (dismissing fraud claim because, *inter alia,* plaintiff failed "to state where the representations were made" and "what form the representations took").

---

[2] In addition to the other defects in Plaintiff's "fraudulent concealment" claim, that claim fails for the independent reason that he has not alleged factual content from which this Court may infer that Wiley owed him a duty to disclose any concealed fact. *See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 181 (2d Cir. 2007) (stating that party seeking to show fraud by omission must prove additionally that opposing party had "a duty to disclose the concealed fact"). The Complaint simply concludes without factual support that Defendants "had a duty in equity and good conscious to fully disclose and inform Plaintiff" of its undertakings, Compl. ¶ 115, and that Wiley "had a duty and good faith obligation to disclose all relevant information when seeking a license from Plaintiff's agents," *id.* ¶ 117. Each of these allegations is nothing more than a "legal conclusion couched as a factual allegation, and is thus "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.

**B.        Plaintiff Has Failed to Allege Facts to Support His Fraud and Fraudulent Concealment Claims**

In addition to failing to meet the specificity requirements of FRCP 9(b), Plaintiff fails to allege the requisite elements of a fraud claim under New York law.

To state a claim for fraud, Plaintiff must allege: "(1) a misrepresentation or a material omission of material fact which was false and known by defendant to be false, (2) made for the purpose of inducing the plaintiff to rely on it, and (3) justifiably relied upon by the plaintiff, (4) who then suffered an injury as a result of such reliance." *City of New York v. Smokes– Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008). A claim for fraudulent concealment generally "shares these same elements, with the additional requirement that a plaintiff must show that the defendant had a duty to disclose the material information." *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 119 (E.D.N.Y. 2011); *see also Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007).

First, as to the element of justifiable reliance, Plaintiff merely alleges upon information and belief that "Defendant knew that their representations were false when made and *intended* that Plaintiff and his agents would rely on these false representations to his detriment." Compl. ¶ 103, (emphasis added). Thus, Plaintiff nowhere alleges in his complaint that he actually relied on whatever misrepresentation he claims Wiley made.

Moreover, Plaintiff has failed to allege any specific misrepresentation (or omission) on which he relied, and therefore, any claim of justifiable reliance simply is not plausible. *See, e.g.*, *Ellington*, 837 F. Supp. 2d 201 ("[I]n the absence of particularized allegations about what Defendants specifically disclosed and omitted, Plaintiffs fail to demonstrate reasonable reliance on any specific misstatement . . . .").

Plaintiff also fails to allege the requisite damages in support of his fraud claims. "A plaintiff must have suffered damages in order to have a recognizable fraud claim." *Semerdjian v. McDougal Little*, 2008 WL 110942, at * 2 (S.D.N.Y. Jan. 2. 2008). Such damages, which are an essential element of the cause of action, must not only be based on an actual pecuniary loss that is the "direct, immediate, and proximate result of the misrepresentation," but must also be "independent of other causes," such as a copyright infringement. *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993); *Semerdjian*, 2008 WL 110942, at * 2 (same); *see also Malixi v. U.S. Bank, N.A.*, No. Civ. 2:12-1749 WBSCKD, 2012 WL 3277158, at *5 (E.D. Cal. Aug. 9, 2012) ("To survive a motion to dismiss, the complaint 'must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated.'") (citation omitted).

With regard to his fraud claim, Plaintiff alleges that he "suffered damages," including "depriving Plaintiff of the opportunity to obtain the full compensation to which he is entitled without litigation and without risk of not being compensated and without incurring significant expenses to obtain such rightful compensation." Compl. ¶ 110. In other words, the damage he allegedly suffered is the risk and cost of litigation. But Plaintiff himself initiated this lawsuit, thus the risk and cost of litigation are not the direct result of any alleged misrepresentations made by Defendant, rather the natural consequence of Plaintiff's own acts. Indeed, it is hard to imagine a circumstance in which a plaintiff asserting fraud could not claim this type of damage (*i.e.*, damages incurred by virtue of having to bring a lawsuit seeking damages for fraud). Accordingly, Plaintiff's suggestion that an entitlement to recover such speculative losses supports his claim for fraud is, in a word, absurd. *See Cole*, 2012 WL 3133520, at *16 (stating that "a plaintiff may not maintain a fraud claim where the damages attributable to the fraud are 'speculative or undeterminable'") (citation omitted).

As to his fraudulent concealment claim, Plaintiff avers only that he "suffered unique and distinct pecuniary damages." Compl. ¶ 120. This assertion, without more, fails to satisfy the basic pleading requirements set forth in *Iqbal* and *Twombly. See IBM v. Dale*, 2011 WL 4012399, at *2 (S.D.N.Y. Sept. 9, 2011) ("[A]n allegation that defendant 'suffered damages' without particular facts as to how she was damaged does not satisfy *Twombly* and *Iqbal*.").

At bottom, Plaintiff's alleged damages arise solely from Wiley's purportedly infringing acts. Indeed, had Wiley not allegedly exceeded the scope of the license to use the Subject Photos, Plaintiff would not have suffered any alleged harm. Because Plaintiff cannot identify distinct damages arising from the alleged fraud, he has failed to state a claim. *See Cole,* 2012 WL 3133520, at *17 (dismissing fraud claims where "but for Wiley's [allegedly] infringing conduct, Plaintiff would have suffered no harm from the alleged misrepresentations or concealment," and thus it was "not plausible that Plaintiff's alleged damages would have been sustained independent of other causes") (citing *Semerdijan*, 2008 WL 110942 at *2-3); *see also Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993) (affirming district court's dismissal of fraud claim where plaintiff failed to allege that misrepresentations caused plaintiff a "direct and proximate injury," and noting that damages in fraud cases "must be independent of other causes"). And, because Plaintiff cannot cure this defect, his fraud and fraudulent concealment claims should be dismissed with prejudice. *See Cole*, 2012 WL 3133520, at *17.

### C. Plaintiff's Fraud Claim is Pre-Empted by the Copyright Act and/or is Duplicative of Plaintiff's Breach of Contract Claim

Plaintiff's fraud claim must be dismissed for another reason – it arises "out of the same facts as plaintiff's breach of contract claim" and its copyright infringement claim. *Amy Axelrod, Inc. v. Simon & Schuster, Inc.*, No. 07 Civ. 891 (DLC), 2007 WL 2412257, at *5-*6 (S.D.N.Y. Aug. 27, 2007) (quoting *Telecom Int'l. Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir.

2001) (finding that "[e]ven with the allegation that the 'defendant's statements amount to fraud with the intent to hide Defendant's wrongful acts,' 'the fraud claim is redundant and plaintiff's sole remedy'" lay in her claims for breach of contract or copyright infringement); *see also Bridgestone/Firestone v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (dismissing fraud claim where duplicative of contract claim).

To state a fraud-based claim arising from a breach of contract, Plaintiff must identify: "(1) a legal duty separate from the duty to perform under the contract; (2) a fraudulent misrepresentation collateral or extraneous to the contract; or (3) special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Id.* (quoting *Bridgestone/Firestone*, 98 F.3d at 20). Plaintiff's Complaint provides no independent basis for a fraud or fraudulent concealment claim because each of the relevant allegations is tied to the contract.

The entire fraud claim is premised on the allegation that "Defendant knew at the time it negotiated with Plaintiff's agents that Wiley's actual use of his image already had occurred and that Wiley already intended to violate various terms and conditions of the licenses (sic) and purported licenses." Compl. ¶ 103. Courts dismiss as duplicative fraud claims premised on an intention to breach a contract. *See, e.g., Bridegestone/Firestone*, 98 F.3d at 20 (finding insufficient to state fraud claim allegations concerning defendant's intentionally false representations that he would perform under the agreement) (collecting cases).

Moreover, as shown above, Plaintiff cannot identify any distinct injury caused by the alleged misrepresentation. In fact, Plaintiff pleads that his copyright infringement, breach of contract, and fraud claims all arise from Wiley's purported use of the images beyond the scope of the license. *See* Compl. ¶ 96 (alleging use "in excess of any permission or license" in support of copyright infringement claim); ¶ 128 (alleging use "exceeding material terms in the licenses"

in support of its contract claim); Compl. ¶ 103 (alleging in support of fraud claim that Wiley falsely represented that "use of Plaintiff's photographs would be limited to requested print run numbers and would not include any foreign editions or sales.").

Because Plaintiff's fraud-based claims arise from the same facts as its breach of contract claim and its copyright infringement claim, the fraud claims are duplicative and must be dismissed.

## III. PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED FOR FAILURE TO COMPLY WITH FRCP 8(a)(2)

In Count IV of the Complaint, Plaintiff purports to bring a breach of contract claim against Wiley arising from the "hundreds of license agreements relating" to his photographs that Wiley entered into with his unnamed "licensing agents." Compl. ¶¶ 124, 125. This count is defective on its face.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As this Court has observed, "[e]ven under this liberal pleading standard, [a] 'plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Malmsteen v. Berdon, LLP*, 477 F. Supp. 2d 655, 666 (S.D.N.Y. 2007) (quoting *Kittay v. Konstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

To satisfy Rule 8(a)(2), a complaint alleging breach of contract must include allegations of, "at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages." *Id.*; *accord Sedona Corp. v. Ladenburg Thalman & Co.*, No. 03 Civ. 3120 (LTS)(THK), 2009 WL 1492196, at * 9 (S.D.N.Y. May 27, 2009) (same). Plaintiff's Complaint plainly fails to meet these requirements.

Instead, Plaintiff alleges only that Wiley violated unspecified express and implied terms of various agreements, attaching as an exhibit "a chart setting forth available information regarding some of the license (or purported license) agreements pursuant to which Defendant obtained access to Plaintiff's photographs." Compl. ¶ 72. In fact, the chart lists 278 different images "requested by Wiley," only some of which reflect a particular invoice in connection therewith. Compl., Exh. 1. The Complaint attaches no terms of the alleged agreements. Plaintiff also does not explain whether he is alleging that Wiley breached every license it obtained for use of his photographs or whether only the images with specific invoices are the subject of his contract claim. What is more, plaintiff lumps all of the licensing agreements together, stating that as to each, Wiley has:

> breached each of contracts identified in Exhibit 1 by publishing the photographs governed by those agreements prior to the start date of the licenses and/or by exceeding *material terms in the licenses*, and or by violating *the express and implied terms* of each license by refusing to disclose usage information to Plaintiff.

Compl. ¶ 128 (emphasis added). Plaintiff does not identify any of the "material terms in the licenses" or the "express and implied terms" referred to above, nor indicate how those specific terms were violated in any specific instance. And, as to the sole term Plaintiff's pleading does reference, rather than quote the specific provision, Plaintiff vaguely alleges that the "licensing agreements require Wiley to disclose usage information to Plaintiff," and "Wiley has refused to disclose usage information to Plaintiff." Compl. ¶¶ 126, 127. Plaintiff sets forth no facts substantiating these allegations, such as date on which such a request was made and Wiley's purported response to it. In short, Plaintiff's failure to reference a specific contract and "failure to identify a contractual provision whose breach is also supported by allegations" deprive defendant of "fair notice of what plaintiff's claim is and the grounds upon which it rests."

*Sedona*, 2009 WL 1492196, at * 9 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Accordingly, Plaintiff's breach of contract claim should be dismissed.

## IV.  PLAINTIFF'S EXTRANEOUS ALLEGATIONS SHOULD BE STRICKEN

Plaintiff's blatant misstatement of Wiley's litigation history relating to copyright infringement is immaterial, impertinent, and highly prejudicial to Wiley's business reputation and should be striken. Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see* 5A C. Wright and A. Miller, *Federal Practice and Procedure* (Civil) 2d §1382, at 712 (1990).

In paragraphs 77 through 85 and Exhibits 4-8 of his Complaint, Plaintiff references other lawsuits that have been filed against Wiley, Wiley's alleged admissions of infringement, settlements of copyright infringement claims, and purported evidence submitted in other cases. Indeed, no evidence in support of these allegations would be permissible in this case because pending litigation and settlement proceedings are inadmissible to show fault under Federal Rule of Evidence 408. *Kelly*, 145 F.R.D. at 39 ("Settlement discussions are inadmissible to show fault under Fed. R. Evid. 408, and accordingly may be stricken from a complaint as immaterial and potentially prejudicial."); *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 218 F.R.D. 76, 78 (S.D.N.Y.2003) ("references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)"). Only legal and factual issues that have been adjudicated on the merits may be introduced at a later proceeding for *res judicata* or *collateral estoppel* purposes. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir. 1976) ("a prior judgment can only be introduced in a later trial for collateral estoppel purposes if the issues sought to be precluded were actually adjudicated in

the prior trial"). None of Plaintiff's allegations assert that the purported evidence of infringement relates to the specific images at issue in this case.

The problem here is that Plaintiff's counsel apparently is attempting to make a career out of bringing lawsuits against educational publishers. Indeed, they are counsel on several of the cases against Wiley cited in the Complaint as well as in numerous other cases brought against other publishers. *See* Aggarwal Decl. ¶ 4. Plaintiff's counsel has gone so far as to threaten stock photo houses if they settle claims based upon photographs they license to such publishers. *Id.* ¶ 5 & Exh. A. Plaintiff's counsel has the right to zealously represent its clients and, where necessary, to seek redress for any wrongs in the Courts. But this does not give counsel the right to suggest that there is something improper about publishers' attempts to settle or resolve claims, much less to include gratuitous attacks on them for doing so in publicly filed pleadings.

Accordingly, Plaintiff's allegations relating to ongoing proceedings, alleged admissions of infringement, settlement[3], and irrelevant evidence are immaterial to the claims before this court. Moreover, the assertion of such false claims on the public record is highly prejudicial to Wiley's business reputation because the allegations falsely intimate that Wiley has been found liable for copyright infringement in cases where it simply has not. Accordingly, Wiley's motion to strike allegations related to prior or ongoing proceedings under Rule 12(f) must be granted.

---

[3] Plaintiff's allegations with respect to Wiley's efforts to settle possible claims are totally inappropriate. As the Second Circuit has noted, "it is axiomatic that the law encourages settlement of disputes." *Bano v. Union Carbide Corp.*, 273 F.2d 120, 129 (2d Cir. 2001) citing *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910).

## CONCLUSION

For each of the foregoing reasons, the Court should grant Wiley's motion to dismiss or, in the alternative, strike paragraphs 77 through 85 and Exhibits 4-8 of the Complaint as immaterial and impertinent.

Dated: September 27, 2012

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____

Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175
erosenthal@fkks.com
bgoldman@fkks.com

*Attorneys for Defendant John Wiley & Sons, Inc.*