```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
WILLIAM J. WARREN,
                                   :
              Plaintiff,                        ORDER
                                   :
         -against-                     12 Civ. 5070 (JPO)(MHD)
                                   :
JOHN WILEY & SONS, INC.,
                                   :   12 Civ. 5230 (JPO) (MHD)
              Defendant.
-----------------------------------x
DAVID YOUNG-WOLFF,
                                   :
              Plaintiff,
                                   :
         -against-
                                   :
JOHN WILEY & SONS, INC.,
                                   :
              Defendant.
-----------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

In a series of letters, the parties in these two copyright infringement cases have debated the adequacy of their respective adversaries' production and the propriety of their own document requests. (See Aug. 30, 2013 letters from Jessie Beeber, Esq. & Kevin McCulloch, Esq.; Sept. 13, 2013 letters from Jessie Beeber, Esq. & Kevin McCulloch, Esq.). We resolve these disputes seriatim.

1

I. Defendants' Application (<u>Warren v. Wiley</u>)

1. "License Agreement and Communications". Plaintiff is to search for and produce any licenses relating to the one photograph at issue as well as contributor agreements with the licensing agent.

2. "Royalty Statements". Plaintiff represents that he has produced all such statements in his possession. No further production from him is required as to statements, but he is to identify to defendant in writing any entities from which he received royalties for the photograph in issue.

3. "Privilege Log". If plaintiff has not yet produced a complete privilege log, he is to do so.

II. Plaintiffs' Applications (both cases)

1. "Copies of Publications". Defendant is to provide to plaintiffs' counsel copies of those publications (that is all versions containing the photographs at issue) for which defendant presently has more than one copy. For the other publications, defendant is to allow plaintiffs to inspect and copy them and is to make actual copies of the publications available at trial (if

defendant has custody or control of the publication).

2. "IAS and GRD Databases". Defendant having provided data from the GRD database for the publications specified by plaintiff Young-Wolff and by plaintiff Warren, it is to provide the equivalent data for the six Additional Publications that it has identified to Young-Wolff. It is also to provide the data from the IAS pages identified as F-18 and F-14/F-16.

3. "Records Pertaining to Foreign Translations & International Sales". Defendant is to produce to Young-Wolff all licenses for foreign translations. It is also to produce to Warren all contracts authorizing the sale of international editions of the books in controversy. Upon request by plaintiffs, defendant is to provide a summary of sales broken down by warehouse.

4. Remediation Documents". Defendant is to produce to plaintiffs, if it has not already done so, copies of all settlement agreements and license extensions pertaining to the publications at issue and to the Additional Publications. This production is not limited to the photographs in issue.

5. "Audit Materials" -- Correspondence with Third Parties & Plaintiffs' Photo Agents. Defendant is to produce to plaintiffs, if not already done, correspondence with plaintiffs' agents pertaining to any of plaintiffs' photographs at issue -- specifically PhotoEdit, Getty Images and Alamy with respect to plaintiff Young-Wolff, and Corbis with respect to plaintiff Warren.

6. "Internal Documents Related to Wiley's Comprehensive Audit". Defendant is to produce any non-privileged documents relating to any audit done regarding the plaintiffs' photographs at issue, and is to list on its privilege log any documents, otherwise responsive to this directive, that are being withheld as privileged.[1]

7. "Evidence Pertinent to Wiley's Settlement Agreements with Corbis and Getty". See paragraph 4, supra.

8. "Licenses and Usage Information". Defendants are to produce to plaintiff Young-Wolff the license and usage information sought by plaintiff unless defendant expressly and in writing waives a defense of implied license by course of dealing.

---

[1] Plaintiffs are of course free to challenge these privilege designations by motion to compel. Any such motion is to be made within one week after completion of any discussions between counsel designed to resolve such disputes.

9. The foregoing additional production is to be made within two weeks.

Dated: New York, New York
       October 23, 2013

                                MICHAEL H. DOLINGER
                                UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Order have been mailed today to:

Kevin McCulloch, Esq.
Nelson & McCulloch LLP
The Chrysler Building
405 Lexington Avenue
26th Floor
New York, New York 10174

Edward H. Rosenthal, Esq.
Frankfurt Kurnit Klein & Selz P.C.
488 Madison Avenue
New York, New York 10022