**Nelson & McCulloch LLP**

Intellectual Property Litigation
New York | District of Columbia

155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

Dan Nelson*                 Kevin P. McCulloch+

March 6, 2015

**VIA ECF**

Hon. J. Paul Oetken
Hon. Michael H. Dolinger
United States District Court for the
Southern District of New York

       RE:    *Young-Wolff v. John Wiley & Sons, Inc.*, No. 12-cv-5230 (JPO) (MHD)
                 *Warren v. John Wiley & Sons, Inc.*, No. No. 12-cv-5070 (JPO) (MHD)

Dear Judge Oetken and Judge Dolinger,

This firm is counsel for Plaintiffs David Young-Wolff and William Warren in the above-referenced copyright infringement cases against Defendant John Wiley & Sons, Inc. ("Defendant" or "Wiley").  We write to request an adjournment of the summary judgment briefing schedule.  Under the current schedule proposed by the parties and endorsed by the Court, the parties were to advise whether they intended to move for summary judgment by February 13, 2015, and motions are due by March 13, 2015.  (*Young-Wolff* Dkt. No. 80.)  Due to the factors set forth herein, the current schedule is no longer tenable and an adjournment is required.

This is the first request for any changes to summary judgment briefing schedule, and the requested relief will not affect any other deadlines in this matter.  Prior to submitting this request, we conferred with Defendant's counsel regarding extending the current briefing schedule.  Although opposing counsel indicated that Defendant consented to an extension of the schedule, Defendant's counsel agreed to extend the schedule by only two weeks (so summary judgment motions would be due by March 27, 2015).  For the reasons below that made this request necessary, Defendant's proposed two-week extension is both insufficient and inefficient.

Numerous factors warrant adjusting the current briefing schedule.  First, Plaintiff Warren accepted a settlement offer from Wiley on February 13, 2015 and thus the parties obviously have focused their attention on settlement issues rather than summary judgment in that case. Although the parties reached a binding agreement to settle and the parties' correspondence was explicit that the settlement related only to the claims in suit, Wiley attempted to insert a general release provision in the final agreement.  After Plaintiffs' counsel rejected Wiley's belated and improper attempt to demand a general release after the parties reached a settlement based on a limited release only – and supported our position by pointing to numerous e-mails from counsel for both parties explicitly stating that the settlement

*Admitted in NY and CO
+Admitted in NY and DC
www.nelsonmcculloch.com

related only to the claims in suit – Wiley repudiated the settlement and now contends that no settlement agreement actually was reached. Plaintiff Warren disagrees and thus intends to file a motion to enforce the terms of the agreement he reached with Wiley, and will do so by March 10, 2015. In light of this dispute, a mere two-week extension is not sufficient time for the Court to receive briefing from the parties and resolve the issue and, in the event the Court agrees with Wiley's position, for Plaintiff Warren to prepare his summary judgment motion and supporting submissions. Instead, an adjournment of the schedule is required pending the Court's resolution of Plaintiff's soon-to-be-filed motion.

Although settlement was reached in the *Warren* case only, this dispute over the validity and enforceability of that agreement already has occupied a substantial amount of time and Plaintiffs' counsel now must devote even more time to preparing the motion to enforce the settlement agreement which will further interfere with our ability to devote the necessary time to briefing summary judgment issues. More importantly, if the briefing schedule is postponed in the *Warren* case and not the *Young-Wolff* case and yet the Court determines that an agreement to settle the latter case was not reached, the cases would proceed on different tracks (for the first time) causing a substantial separation in the progress of the cases that likely would preclude the cases being tried together or at least the trials being coordinated to reduce the burden on the parties, counsel, witnesses, and the Court. Separating the cases at this juncture also would be extremely inefficient in terms of briefing substantial issues on summary judgment. Indeed, the fact that the willfulness issues in each case are so intertwined is why the Court determined that these cases were related in the first place and ordered that discovery and summary judgment briefing was to proceed on a coordinated schedule.

Moreover, since the evidence of Wiley's license violations and infringements in each case also demonstrates that the violations in the other case were part of a broader pattern of violations and not merely isolated instances of "bureaucratic ineptitude" as Wiley contends, Plaintiffs strongly encourage the Court to maintain these cases on a coordinated schedule so that mutually reinforcing evidence and arguments are not being presented to the Court months apart. An adjournment of the summary judgment briefing schedule thus is appropriate because it would be inefficient for both the parties and the Court, and even prejudicial to Plaintiffs, for the cases to now proceed on separate tracks.

Second, an adjustment to the schedule is required due to discovery delays in the six (6) other copyright infringement cases against Wiley that were before Magistrate Judge Peck for coordinated discovery. As the Court may be aware, the parties intentionally proposed a 30-day briefing schedule that began with an exchange of letters on February 13 in order to allow counsel for the parties to complete discovery in these other cases, which was schedule to conclude on January 31. Wiley, however, was unable to complete its document production in any of those cases in January and thus continued to produce nearly 10,000 pages of documents into mid-February. Wiley also failed to produce any privilege logs in five of the six cases until February 9, again well after the close of discovery. Wiley also failed to produce crucial defense charts until February 13, despite the fact that Judge Peck ordered Wiley to produce these charts three weeks earlier and then agreed to extend the deadline until February 6. After undersigned

counsel informed the Court of Wiley's violation of his order, Judge Peck issued a notice that "The Court is likely to impose sanctions on Wiley – Counsel should be prepared to address this issue at tomorrow's conference."  (*Senisi v. Wiley*, Case No. 13-cv-3314 (LTS) (AJP), Dkt. No. 143.)  At the February 10 conference, the Court admonished Wiley for further delaying discovery – which already was supposed to have concluded in January – and made clear that he considered the violation to be sanctionable, though he did not ultimately impose sanctions (at least at this time).

Due to Wiley's delay in producing discovery in these cases, Plaintiffs were forced to expend substantial man hours in February reviewing these many thousands of pages of additional discovery, which is not a minor undertaking for a small firm of two people.  Unfortunately, Plaintiffs' counsel could not possibly put off reviewing these materials until after summary judgment briefing in the *Young-Wolff* case was completed because they needed to be reviewed prior to the Fed. R. Civ. P. 30(b)(6) deposition of Wiley in these six cases, which also had to be postponed due to Wiley's delay in producing discovery and its defense charts.  Again, these various delays forced Plaintiffs' counsel to expend an inordinate and unexpected amount of time in February handling discovery issues in cases where discovery was supposed to have concluded in January.

Many additional factors also support adjourning the schedule.  For instance, the snow storms that have hit the East Coast over the past few weeks have resulted in our offices being closed four times and also have greatly compounded the issues caused by the discovery setbacks in the other Wiley cases and even forced the postponement of depositions in those cases.  The inclement weather also resulted in a very serious illness afflicting undersigned counsel's infant son and later undersigned counsel that forced me to miss all but one day of work the week of February 23.

For all of these reasons, Plaintiffs respectfully request that the Court adjourn the summary judgment briefing schedule and hereby propose that <u>summary judgments briefs be due three weeks after the Court's resolution of Plaintiff Warren's motion to enforce the settlement</u> he reached with Wiley.  In the alternative, if the Court is disinclined to adjourn the schedule, Plaintiffs request that the Court extend the briefing schedule by 30 days, with <u>motions due by April 13, 2015</u>.

                                                   Respectfully submitted,

                                                   Kevin McCulloch